ORIGINAL

Joshua Laine
2150 Portola Ave
Ste. D #238
Livermore, CA 94551
1.925.321.0373
Josh.laine@yahoo.com
Self-Represented

**FILED**

DEC – 7 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

C 21-09449

JOSHUA LAINE, an individual;

    Plaintiff,

vs.

COUNTY OF ALAMEDA, a corporation;
OFFICE OF THE DISTRICT ATTORNEY
OF ALAMEDA COUNTY, a corporation;
NANCY O'MALLEY, an individual;
SHARON CARNEY, an individual;
GEORGIA SANTOS, an individual;
RONALD CLINTON, an individual;
CITY OF LIVERMORE, a municipal
corporation;
SEAN HURLEY, an individual;
PAUL MAYER, an individual;
KYLE YOST, an individual;
LIVERMORE VALLEY JOINT UNIFIED
SCHOOL DISTRICT: a corporation;
STEVE MARTIN: an individual;
DOES 1-10,

    Defendants.

Case No.:

**VERIFIED COMPLAINT FOR DAMAGES**

1. **OBSTRUCTION;**

2. **VIOLATION OF BILL OF RIGHT ARTICLE I;**

3. **VIOLATION OF BILL OF RIGHT ARTICLE IV;**

4. **VIOLATION OF BILL OF RIGHT ARTICLE V;**

5. **VIOLATION OF BILL OF RIGHT ARTICLE VI;**

6. **VIOLATION OF BILL OF RIGHT ARTICLE VIII;**

7. **VIOLATION OF BILL OF RIGHT ARTICLE IX;**

8. **VIOLATION OF THE FOURTEENTH AMENDMENT;**

9. **VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 U.S.C. § 1983; 42 U.S.C. §1985; 42 U.S.C. § 1986);**

10. **FALSE IMPRISONMENT;**

Plaintiff's Verified Complaint      Page 1 of 47

)
)
)
)   **11. PROSECUTORIAL MISCONDUCT;**
)
)   **12. VIOLATION OF STATE CIVIL RIGHTS (CIV. C. § 52.1);**
)
)
)   **13. VIOLATION OF STATE CIVIL RIGHTS (CIV. C. § 43)**
)
)   **14. DISCRIMINATION;**
)
)   **15. CORPORATE FRAUD;**
)
)   **16.   WILLFUL NEGLEGENCE & NEGLIGENT INFLICTION OF EMOTIONAL STRESS;**
)
)
)
)
)
)   **TRIAL BY JURY DEMANDED**
)
//

**TRIAL BY JURY DEMANDED**

## TABLE OF CONTENTS

I.      Jurisdiction and Venue ..........................................................................Pg. 4

II.     Parties ..................................................................................................Pg. 4

III.    Statement of the Case ..........................................................................Pg. 8

IV.     Verified Statement of Facts .................................................................Pg. 9

V.      First Claim for Relief; Obstruction .....................................................Pg. 19

VI.     Second Claim for Relief; Violation of Bill of Rights Article I .....................Pg. 22

VII.    Third Claim for Relief; Violation of Bill of Rights Article IV .....................Pg. 23

VIII.   Fourth Claim for Relief; Violation of Bill of Rights Article V .....................Pg. 25

IX.     Fifth Claim for Relief; Violation of Bill of Rights Article VI .....................Pg. 26

X.      Sixth Claim for Relief; Violation of Bill of Rights Article VIII .................Pg. 27

XI.     Seventh Claim for Relief; Violation of Bill of Rights Article IX ...............Pg. 28

XII.    Eighth Claim for Relief; Violation of the Fourteenth Amendment .............Pg. 29

XIII.   Ninth Claim for Relief; Violation of Civil Rights Under Color of Law
        (42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986).....................................Pg. 30

XIV.    Tenth Claim for Relief; False Imprisonment .............................................Pg. 32

XV.     Eleventh Claim for Relief; Prosecutorial Misconduct ...............................Pg. 33

XVI.    Twelfth Claim for Relief; Violation of State Civil Rights (CC 52.1) ..........Pg. 34

XVII.   Thirteenth Claim for Relief; Violation of State Civil Rights (CC 43) .........Pg. 35

XVIII.  Fourteenth Claim for Relief; Discrimination .............................................Pg. 36

XIX.    Fifteenth Claim for Relief; Corporate Fraud .............................................Pg. 37

XX.     Sixteenth Claim for Relief; Willful Negligence & Negligent Infliction of
        Emotional Distress..................................................................................Pg. 42

XXI.    Declatory Relief/Compensatory Damages..................................................Pg. 44

## I.    JURISDICTION

1. The Jurisdiction of this Court is in the nature of Federal Question, 28 U.S.C. § 1331; 42 U.S.C. 1983; and not limited to the First, Fourth, Fifth, Ninth and Fourteenth amendments to the United States Constitution.

2. This Court has further jurisdiction under 28 U.S.C. § 1343 (Civil Rights) and 2201-02 (declaratory relief).

3. Additionally, supplemental jurisdiction exists with this Court under the provisions of 28 U.S.C. § 1367(a) as to the remaining counts arising under the California Constitution and State Laws from the same set of operative facts.

4. The operative facts contained herein caused this claim to arise under the provisions of the United States Constitution, and under 42 U.S.C. 1983.

5. Venue for this action is predicated upon 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b) and (c) as one or more Defendants are located or reside in this District, and a substantial part of the events and omissions giving rise to Plaintiffs' Claims occurred in this District. The United States invokes the expanded service of process provisions of 18 U.S.C. 1965(b). The venue for this matter will be the United States District Court, Northern District Court of California located at: 450 Golden Gate Avenue San Francisco, CA 94102.

## II.    PARTIES

6. Plaintiff Joshua Laine ("MR. LAINE"), is a citizen of the United States and at all times relevant hereto a citizen of the state of California, residing and doing business in this District at 2150 Portola Ave Ste. D 238 Livermore, CA 94551. Mr. Laine is the biological father of minor P.L. Mr. Laine sues in his personal capacity.

7. Defendant County of Alameda ("COUNTY") is a corporate entity existing within this District and doing business as the County of Alameda, the Administration Building is located at 1221 Oak Street, Suite 555 Oakland, CA 94612. County is responsible for supervising, compensating, enriching, rewarding and training its employees. County is sued in its official capacity.

8. Defendant Office of the District Attorney, County of Alameda ("DA") is a "beneath State level" business entity chartered under and doing business in the County of Alameda and

this District, located at the René C. Davidson Courthouse, 1225 Fallon St #900, Oakland, CA 94612. DA is responsible for supervising, compensating, enriching, rewarding and training employees. DA is sued in its official capacity.

9. Defendant Nancy O'Malley ("NANCY") is a person(s), while acting under color of law, under sec. 1983 and operates the Office of the District Attorney, County of Alameda and does business in the County of Alameda, located at the René C. Davidson Courthouse, 1225 Fallon St #900, Oakland, CA 94612, et al., doing business in this District. Nancy is responsible for failing to supervise, compensating, enriching, rewarding and failing to train her employees. Additionally, Nancy is responsible for lack of oversight of her agents and is responsible for her agents filing frivolous criminal charges. Nancy is sued in her official and personal capacity.

10. Defendant Sharon Carney ("CARNEY") is a person(s), while acting under color of law, under sec. 1983 and is the County of Alameda Deputy District Attorney, residing and/or doing business in the County of Alameda, located at the Office of the District Attorney at the René C. Davidson Courthouse, 1225 Fallon St #900, Oakland, CA 94612. Carney is responsible for committing fraud upon the court, perjuring official government documents, tampering evidence and willfully violating constitution(s), policies and statutes to violate plaintiff and plaintiffs' rights. Carney is sued in her individual and official capacities.

11. Defendant Georgia Santos ("SANTOS") is a person(s), while acting under color of law, under sec. 1983 and is a County of Alameda Deputy District Attorney, residing and/or doing business in the County of Alameda, located at the Office of the District Attorney at the René C. Davidson Courthouse, 1225 Fallon St #900, Oakland, CA 94612. Santos is responsible for committing fraud upon the court, perjuring official government documents, tampering evidence, withholding discovery and willfully violating constitution(s), policies and statutes to violate plaintiff and plaintiffs' rights. Santos is sued in her individual and official capacities.

12. Defendant Ronald Clinton("CLINTON") is a person(s), while acting under color of law, under sec. 1983 and is a County of Alameda Deputy District Attorney, residing and/or doing business in the County of Alameda, located at the Office of the District Attorney at the René C. Davidson Courthouse, 1225 Fallon St #900, Oakland, CA 94612. Clinton is responsible for committing fraud upon the court, perjuring official government documents, tampering evidence,

Plaintiff's Verified Complaint                    Page 5 of 47

withholding discovery and willfully violating constitution(s), policies and statutes to violate plaintiff and plaintiffs' rights. Clinton is sued in his individual and official capacities.

13. Defendant City of Livermore ("LIVERMORE") is a "beneath state-level" municipal corporation existing within this District; chartered under and doing business within the County of Alameda, located at 1052 S. Livermore Ave. Livermore, California 94550. Livermore is responsible for failing to supervise its police officer(s) while they knowingly and willfully perjured official documents and violated constitution(s), procedures, policies and ordinances in order to violate the rights of plaintiff. Livermore is sued in its official capacity.

14. Defendant Sean Hurley ("HURLEY") is a person(s) under sec. 1983 and is a City of Livermore Police Officer residing and/or doing business in the City of Livermore, located at the Livermore Police Station 1110 S. Livermore Ave. Livermore, California 94550. Hurley is responsible for engaging in numerous crimes and civil rights violations against plaintiff. Hurley is sued in his individual and official capacities.

15. Defendant Paul Mayer ("MAYER") is a person(s) under sec. 1983 and is a City of Livermore Police Officer residing and/or doing business in the City of Livermore, located at the Livermore Police Station 1110 S. Livermore Ave. Livermore, California 94550. Mayer is responsible for engaging in numerous crimes and civil rights violations against plaintiff. Mayer is sued in his individual and official capacities.

16. Defendant Kyle Yost ("YOST") is a person(s) under sec. 1983 and is a City of Livermore Police Officer residing and/or doing business in the City of Livermore, located at the Livermore Police Station 1110 S. Livermore Ave. Livermore, California 94550. Yost is responsible for engaging in numerous crimes and civil rights violations against plaintiff. Yost is sued in his individual and official capacities.

17. Defendant Livermore Valley Joint Unified School District ("LVJUSD") is a public school and private corporation chartered under the City of Livermore, doing business and located at 685 E Jack London Blvd, Livermore, CA 94551. School District is responsible for child trafficking, implied child trafficking, creating and enforcing their own kangaroo laws to enable child trafficking and failing to supervise while enriching their own child traffickers. School District is sued in its official and personal capacities.

Plaintiff's Verified Complaint                    Page 6 of 47

18. Defendant Steve Martin ("MARTIN") is a person(s), while acting under color of law and/or professional capacity, under sec. 1983 and is a school principal of Rancho Las Positas Elementary School doing business at 401 E Jack London Blvd, Livermore, CA 94551 and is a primary suspect of child trafficking. Additionally, Martin is responsible for engaging in numerous crimes and civil rights violations against plaintiff. Martin is sued in his individual and official capacities.

19. Plaintiff is informed and believes, and on such information and belief alleges, that the Defendants are and at all relevant times herein were the co-conspirators in committing the acts herein alleged. Defendants have yet to be truly identified as person(s), employees, and were acting outside the scope of their authority as employees of the State of California, County of Alameda, and or any other personal and business entity unknown to Plaintiff at this time.

20. The true names and/or capacities of Doe Defendants are unknown to Plaintiff, and therefore sues said Defendants by fictitious names (DOES 1-10). DOE 1 Melanie ("MELANIE") is Martin's Assistant School Secretary and engaged in obstruction, perjury and child trafficking; DOE 2 Karen or Kara ("KAREN" or "KARA") is Martin's Assistant School Secretary and engaged in obstruction, perjury and child trafficking. Plaintiff is informed and believes, and thereon alleges that each of the Defendants fictitiously named herein as a DOE is responsible for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will seek to amend this complaint to allege the true names and/or capacities of said fictitiously named Defendant's when ascertained.

21. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

//

### III.   STATEMENT OF THE CASE F.R.C.P. 8

22.  Plaintiff Joshua Laine brings this claim for relief in good faith against identified Defendant's for their numerous and ongoing egregious violations against him. Each defendant knew or should have known that they were acting outside of the scope of their authority. Plaintiff is entitled to relief according to applicable case and statutory law. This Court has, and not limited to, subject-matter jurisdiction, diversity jurisdiction and supplemental jurisdiction to hear this matter pertaining to public servants, acting under color of law, knowingly violating the Bill of Rights and due process, et al. Plaintiffs compensation for relief exceeds $75,000.00.

23.  In 2019, plaintiff contacted his daughter's school Principal Steve Martin to ask about her grades (Id.). Martin then called Livermore Police to claim plaintiff was setting up a meeting to kidnap his own daughter from the school and coerced plaintiff's daughters' mother Vickie Dutton into filing a police report (Id.). Alameda County District Attorney's Office filed a misdemeanor criminal charge against Joshua Laine while in the process violating numerous constitutional law and criminal law procedures such as willfully withholding and tampering evidence and discovery (Id.). The Alameda County District Attorney's Office Victims Advocate Department knew that Mr. Laine is a victim from numerous violent attacks from his ex-girlfriend, Vickie Dutton, and they knew about multiple police reports that were filed against her. Nancy, Santos, Clinton and Carney knew they were supposed to help plaintiff Joshua Laine however, retaliated against him and trying to cover up their foul business practices (Id.). Fortunately, plaintiff had privately recorded the telephone conversation with Principal Steve Martin and his two secretaries (Id.) that prove beyond a reasonable doubt that they willfully offered false statements to Livermore Police who then filed perjured police statements; Joshua Laine can prove at trial that defendants have lied to willfully harm and injure Joshua Laine and his daughter P.L., minor child; in addition to, plaintiff can prove at trial through emails that defendants have willfully obstructed due process and withheld exculpatory evidence in order to cause harm to plaintiff. Plaintiff satisfied all procedural requirements to bring this claim against defendants and plaintiff Joshua Laine is guaranteed relief.

Plaintiff's Verified Complaint            Page 8 of 47

## IV.    VERIFIED STATEMENT OF FACTS

### (UNDENIABLE, NONINTERPRETABLE AND NONMISCONSTRUABLE FACTS)

24.  Plaintiff Joshua Laine has been in a custody battle with his retaliatory ex-girlfriend, Vickie Dutton ("DUTTON"), (never married) for approximately nine years. In November 2018, Dutton was able to acquire a Domestic Violence Restraining Order ("DVRO") against Mr. Laine by filing for a third DVRO under false pretenses, Case No.: HF18927647, derived from Case No.: HF13703216, from newly appointed Judge Jason Clay ("CLAY"), whom Mr. Laine has had a challenging history with. Clay granted Dutton a five year restraining order based on unidentifiable grounds and no evidence presented; after the fact the previous domestic violence restraining order filed by Dutton was denied due to Judge Delia Trevino (2017) seeing right through to Dutton's narcissistic retaliatory behavior. The DVRO was improperly granted and there is no evidence submitted by Dutton to fulfill the requirements needed for issuing a DVRO. Clay, simply retaliated against Mr. Laine for suing him when he was a commissioner at the Fremont Hall of Justice, Case No.: 16-cv-01240 for conducting illegal business practices in Mr. Laine's traffic law case. Clay KNEW there was 93 years of California Supreme Court and United States Supreme Court precedent protecting Mr. Laine's guaranteed right to his daughter (Id.). Granting the DVRO was retaliation against Mr. Laine on its face that was meant to cause serious injury to Mr. Laine, in violation of Ca. Ev. C. §§250, 500, 500; Ca. Civ. C. §§1708, 1714; Ca. Gov. C. §815.2; Ca. Canons 1, 2 and 3. Mr. Laine was never served a copy of the granted DVRO.

25.  On September 23, 2019, Mr. Laine had contacted his daughters school Principal Steve Martin to ask about her grades/education (Id. Exhibit 7 3:1-3; Exhibit 8 2:17-18) clearly states Mr. Laine is concerned about his daughter's grades/education and mentioned nothing of "taking" his own child from school (Id.). Mr. Laine is allowed to speak to administrators of the school.

26.  As seen in Livermore Police Officers' video audio recording, CAD Video AXON FLEX 2 X83073359, Dutton was coerced by Principal Steve Martin (Id. Exhibit 5 9:2-3) to make a police report after the fact he himself had spoken to Livermore Police Officer Cabral. Dutton does not appear to be a victim in this matter, yet the District Attorney's Office was happy to

make her a 'victim'; without even conducting their own investigation or fulfilling Meet and Confer requirements with Mr. Laine prior to filing a criminal complaint. Mr. Laine never received a call from Officer Cabral where Mr. Laine could have offered evidence that their allegations are false and avoid this civil liability.

27. On February 29, 2020, the County of Alameda Office of the District Attorney Deputy Sharon Carney filed a misdemeanor criminal charge California Penal Code 273.6(a) for Disobeying Domestic Relations Court Order, Case No.: 20-CR-003572 (see Exhibit 1). The complaint reads that Vickie Dutton is the "victim", however, Vickie Dutton is never mentioned or referred to in Mr. Laine's audio recordings (Id.) and defendants cannot explain how Ms. Dutton is a victim, directly or indirectly.

28. Mr. Laine was never properly served. The complaint was inappropriately sent prepaid via U.S. Postal Service.

29. Accompanying the complaint was an order that Mr. Laine was ordered to be 'booked' where he was then falsely imprisoned against his will and remains falsely imprisoned to the present day under the guise of the State of California, Inc. doing business as The People Of The State Of California, as if the County of Alameda District Attorney's Office and its agents are framing State of California, Inc. including the Attorney General of State of California, Inc. The County of Alameda District Attorney's Office and its agents knowingly and willfully created a civil liability putting the County of Alameda and State of California, Inc. including the Attorney General of State of California, Inc. in a position threatening their immunity.

30. Mr. Laine has acted as his own council/attorney in this frivolous criminal complaint against him and reached out to Deputies Clinton and Santos for discovery (March 10th, 11th, 12th, and 14th, 2021, see Exhibit 2) and they have refused communications with Mr. Laine, refusing to comply with rules of Discovery, pursuant to Penal Code §§ 1054 and Meet and Confer requirements. Mr. Laine has the right to answers and evidence, pursuant to *Brady v. Maryland*, 373 U.S. 83 S. Ct. 1194 (1963) and *California v. Trombetta*, 467 US 479 (1984), and deputies/prosecutors Nancy, Santos, Clinton and Carney are refusing to cooperate. The DA's

office submitted some discovery to Mr. Laine but not all of it and they refuse to answer his questions which he is owed.

31. Mr. Laine went before the corporation (court) to challenge jurisdiction on March 15, 2021, and unbeknownst to Mr. Laine, Dishonorable Judge Jason Clay administered the matter, unprofessionally and in conflict of interest, violating numerous laws and procedures. Unsurprisingly, Clay forced Mr. Laine to plea and denied his motions without evidence and cause. Clay forced Mr. Laine to file a corporate contract of personal information, a Petition To Proceed In Propria Persona (see Exhibit 3), in order for Mr. Laine to represent himself; in violation of the Bill of Rights Article IV, V, VI and the 14th Amendment U.S. Constitution.

32. Mr. Laine filed a Motion to Dismiss (see Exhibit 4) which came before Judge Dennis McLaughlin on August 4, 2021, at the Fremont Hall of Justice where Judge Dennis McLaughlin literally said he did "not want to be responsible for this" (Id.) and denied the motion and sent the matter back to the East County Hall of Justice (Dublin). The Judge should have dismissed the frivolous case and instead made the case more chaotic. An appeal is pending in the Appellate Division Case No.: A6236.

33. There have been numerous hearings accomplishing nothing due to the DA not providing discovery to Mr. Laine; the District Attorney Deputies have not even shown up for the case as of late. Mr. Laine has made oral complaints to Judges Jason Clay, Jacob Blea, Leo Dorado, and Stuart Hing to get the DA's act together and send discovery and evidence to Mr. Laine. Judge Stuart Hing just keeps telling Mr. Laine to "keep working with the DA's Office".

34. It is becoming apparent that these people do not know what they are doing and are invoking kangaroo procedures.

35. Not only is criminal procedure being violated, Mr. Laine's civil rights are being violated causing him severe injury and is owed relief. The California Constitution and United States Constitution CLEARLY prevents this kind of activity.

//

**Livermore Police Departments CAD Video AXON FLEX 2 X83073359 Exhibit 5**

36. Ms. Dutton is clearly not threatened by Mr. Laine and admits so (2:1); (4:18-19); (5:5).

37. Ms. Dutton makes a false statement that she "wanted to file a report and press charges" (2:5-6), however, later blames the school/principal that they coerced her into filing a report and that Ms. Dutton did not want to, "I wouldn't say I wanted to press charges, that was..." (9:2-3).

38. Clearly Mr. Laine has been targeted.

39. Ms. Dutton alleges "Joshua had asked what class she's in and he wants to get connected" however, Ms. Dutton does not provide evidence to support her false statement to Livermore Police and Mr. Laine's audio recording completely disputes her false allegation.

40. Ms. Dutton admits two times that two secretaries were witnesses to Martin's phone call to Mr. Laine (3:11; 6:26). The two secretaries willfully failed to [correct] Martin's false allegations that Mr. Laine was trying to "take" (Id.) his child to Ms. Dutton and Livermore Police Officer Cabral. The secretaries Doe 1 Melanie and Doe 2 Kara knew this would cause injury to Mr. Laine and his daughter. Does 1 and 2 are guilty of willfully concealing the truth.

41. Ms. Dutton alleges "That there's a new superior court law that passed...", Mr. Laine is unaware of any "new" superior court law in effect and has not strayed from the 93 years of California, U.S. Supreme Court and 9th Circuit parental protections between Mr. Laine and his child. At the time of this call a Writ was filed in the California Supreme Court (see Exhibit 6) which was remanded down erroneously to the Appellate Division and later denied due to willful judicial negligence and judicial support for child trafficking.

42. Ms. Dutton admits "Everything's fine, and then she (daughter P.L.) was..." (4:18-19)... and moments later goes on to further admit "I was fine. I'm fine." (5:5), proving she is providing false testimony and that she wants to cause harm to her own daughter's father.

43. Livermore Police Officer Doe 2 (name unknown) admits that the school administration (Martin, Doe 1 Melanie and Doe 2 Kara) do not know the law and provides innuendo that this is not the first case of this happening. This action by school administrators is

extremely dangerous to parents and children; the Courts should take great concern regarding this willful misconduct.

44. Ms. Dutton and Livermore Police Officer Hurley go on to discriminate against Mr. Laine calling him a "Sovereign Citizen" (6:3; 14:17), for exercising his right to be a father to his daughter and trying to protect her. Sovereign citizen is a term, usually used as an insult, and used against people that the courts and police agents have given unlicensed lawyers and people who read law as a 'label' and those people are treated [differently] in a negative way. Sovereign citizen is not a true word and there is no legal definition to it. Many public servants and their agency's such as The National Center for State Courts, University of North Carolina, various Administrative Offices of the Courts, various Attorney General's Offices, judiciary's, law firms and organizations such as ADL.org have published The Anti-Government Movement Guidebook, Quick Guides How to Combat Sovereign Citizens In Court and other quick reference guides to help [commercial] public servants fight against people who cannot afford lawyers and have taken it upon themselves to learn law (also known as Common Law). The very FACT that a Livermore Police Officer, who swore an Oath to protect Mr. Laine, who is supposed to be professional at all times, is discriminating and defaming a U.S. citizen and should have reprimanded Ms. Dutton from discriminating and defaming against her daughters father. This willful negligence and reckless disregard for the safety of Mr. Laine and his daughter is outrageous and has caused injury to Mr. Laine.

45. Officer Hurley goes on to "write a report and send it to the District Attorney" (8:18-19) without evidence and investigation with Mr. Laine is willful negligence and premeditated injury to Mr. Laine.

46. Ms. Dutton admits that she wants to cause harm and injury to Mr. Laine; and proves Ms. Dutton has been engaged in child abuse – parental alienation, by not disputing Officer Hurley's report (full of false statements) (8:24-25). Ms. Dutton is begging for Mr. Laine to be arrested and out of their daughter's life; Dutton even claims their daughter's last name is 'Dutton' when it is actually/legally 'Laine' (9:23-27).

Plaintiff's Verified Complaint                    Page 13 of 47

47. Officer Hurley asks Ms. Dutton "he's not calling you and harassing you?", Ms. Dutton replies "No". Additionally proving that Ms. Dutton is a false victim and false witness. Ms. Dutton jumped on the 'band wagon' to injure Mr. Laine and put the liability on the school: "I just want it reported and a case number and I wouldn't say I wanted to press charges, that was..." (9:1-3). This statement also proves Principal Martin coerced Ms. Dutton into filing a false police report.

48. Ms. Dutton alleges that Mr. Laine is "disturbing the peace" (10:4) when she KNEW this could have been prevented: Mr. Laine has never caused harm to their daughter or herself. Ms. Dutton has knowingly and willfully engaged in unlawful acts over nine years attempting to prevent Mr. Laine from being with his daughter. Ms. Dutton KNEW she was engaging in perjury and child abuse, all which Mr. Laine has been trying to save his daughter from. Mr. Laine loves his daughter very much.

49. Ms. Dutton further states "The whole restraining order was made to stay away." Ms. Dutton KNEW she submitted a third DRVO with false allegations, lied in court before dishonorable Judge Jason Clay to get the DVRO granted but KNEW when Clay was erroneously administering the case that she would be granted a 5 year restraining order because of Clay's and Mr. Laine's history. Ms. Dutton did not care to think that the DVRO would cause child abuse, child endangerment and psychological warfare against her daughter and cause injury to Mr. Laine. Ms. Dutton's outrageous behavior has caused great injury to Mr. Laine and their daughter P.L. But for the fact that Mr. Laine has been exercising his rights to protect his daughter for nine years, he is 'black listed' and labeled a "sovereign citizen" for going to law school, achieving two law degrees and a psychology degree.

50. Ms. Dutton states that Mr. Laine "was in court" (11:14) when the DVRO was granted, which is true, however, Mr. Laine was never served a copy of the signed order despite the clerical error the system identifies. Livermore Police Officer DOE 2 misrepresented "So boom... it's valid." (11:24-25), which is misleading and unprofessional. Livermore Police Officer DOE 2 knew or should have known that the DVRO and Ms. Dutton's false allegations were in violation of 93 years of case law and high courts' rulings protecting Mr. Laine's relationship with his

daughter. In addition, Livermore Police Officer DOE 2 knew or should have known that he was creating a civil liability under the assumption that The City of Livermore would embrace the liability. This raises major red flags in the Livermore Police Department's operating procedures and police conduct.

51. In a planned coordination (Id. 3:11; 6:26), Martin called Dutton prior to calling Mr. Laine (Id. 13:13-14) on September 25th to scare Ms. Dutton and start drama "So, there you go..." (Id. 14:4) acting outside of the scope of his authority. Martin has no authority or contract from Mr. Laine that authorizes him to keep Mr. Laine's daughter from him, violating 93 years of precedent protecting Mr. Laine and his daughter's relationship. Defendant LVJUSD cannot provide the policy where a school principal has law enforcement authority and court authority to enforce a restraining order outside of their jurisdiction, let alone enforcing an illegal order. Martin premeditated injury to Mr. Laine by making a false statement to Ms. Dutton, coercing Ms. Dutton to file a police report (Id. 9:2-3 ) and calling the police stating false allegations about Mr. Laine trying to kidnap his own daughter. Mr. Laine has never made any aggressions or hostility's towards faculty at Rancho Las Positas Elementary. He has always been professional and polite.

52. Martin acts as if the DVRO stretches over him, protecting him and Rancho Las Positas Elementary. Martin knew Mr. Laine was not calling to arrange a time where he can "take" his daughter.

**Mr. Laine's Audio Recording Disputes Frivolous Criminal Complaint and False Allegations**

53. Defendant, County of Alameda Office of the District Attorney's [Probable Cause] Complaint states "...he was served on 11/14/18" which is false, Mr. Laine did not know the terms of the DVRO; and further states "...the victim and their two children", Mr. Laine has only one child with Ms. Dutton and the [gap in the record] fails to state how Ms. Dutton is a victim to this matter. "Probable Cause" is not constitutional, in addition to, Defendants County of Alameda, County of Alameda Office of the District Attorney's, Nancy, Carney, Clinton and Santos NEVER provided evidence attached to their frivolous complaint. Defendants KNEW they were

supposed to interview Mr. Laine prior to filing a criminal complaint against him; that is what Meet and Confer and Alternative Dispute Resolution procedures are for! It also prevents civil liability. Defendants [premeditated] and KNEW they were going to cause serious harm and injury to Mr. Laine and apply their own kangaroo "fuck you" law (Tully, 2018) against him.

54. Defendant's frivolous complaint, filed while acting under color of law, alleges Mr. Laine "attempted to arrange to pick up their protected daughter from school" (Id. ¶3) followed by "Laine had made threats to take the protected daughter out of the school and put her in a better school" (Id. ¶4). Mr. Laine's audio recording/transcripts reveal these probable cause bogus allegations are false:

55. "Yeah I just want to know who her teacher is and do you guys have a, like a school program where, like the parents are allowed to see their educational status, like how they're doing in school?" (Id Exhibit 7 3:1-3). This evidence proves Mr. Laine wants to know how his child is doing in school and is a given right. Furthermore, Mr. Laine speaking with Defendant Martin,

Martin: "...cause your question, you called earlier was if you could have a name of (minor child) P.L.'s teacher, correct?"

Mr. Laine: "Yes I'm trying to umm follow up with how I can stay in tune with her education and huh everything that's going on with her at school" (Id. Exhibit 8 2:15-18), this evidence debunks that Mr. Laine "attempted to arrange to pick up their protected daughter from school" in addition to, debunking Martin's false testimony "Laine had made threats to take the protected daughter out of the school and put her in a better school". Additionally, Defendant Martin KNEW Mr. Laine's reference to "court order" was an order (that was supposed to be granted) from the California Supreme Court and after Mr. Laine achieved custody he would "home school" his daughter, Id. E8 3:10-25. Mr. Laine even mentions that he is doing his "due diligence according to the law" and further states that "I'm definitely concerned for the mental welfare of (minor child) P.L. right now due to the child abuse that she's going through from parental alienation." How ironic that Mr. Laine just reported "child abuse" from Ms. Dutton to a school principal and he, in return, retaliates against Mr. Laine by calling the

police to file false allegations. Defendant LVJUSD has willfully failed to provide a school policy for this situation and has failed to reprimand Steve Martin. This action is prohibited by law pursuant to Ca. Penal Code 278.5, which Defendants KNEW, and are acting out of the scope of their authority.

56. Rancho Las Positas Elementary School and Principal Steve Martin is no party to the DVRO and cannot claim they are protected. Mr. Laine has the inalienable right to his daughter, his daughter's education, his daughter's safety and well-being and all elements that surround that. The superior court(s), Livermore Police Department, DA's and the school have no authority and will have a very hard time proving they can override and change 93 years of California Supreme Court, U.S. Supreme Court and 9th Circuit, et al., rulings and law that protect Mr. Laine and his daughter.

### The DVRO is Unconstitutional

57. The DVRO violates California Constitution Article I sections 1, 2, 3, 7, 13, 15 and 26, in addition to, violating U.S. Constitution Bill of Rights Articles One, Four, Six, Eight, Nine and the Fourteenth Amendment. The protective order was not issued legally: dishonorable judge Jason Clay had a personal interest in Joshua Laine since 2014, which the Judicial Code of Conduct for California Judges Canons 1, 2 and 3 prevents; Joshua Laine filed multiple complaints and peremptory challenges PRIOR to the granting of the DVRO. Jason Clay KNEW he was not allowed to administer his own cases, in conflict of interest, against Mr. Laine. Jason Clay acted under color of law to intentionally injure Mr. Laine. Jason Clay KNEW that Ms. Dutton's second application for DVRO was denied for obvious reasons. Jason Clay KNEW there was no evidence to support a DVRO. Jason Clay KNEW he did not have jurisdiction or authority from Joshua Laine to cause such destruction and injury to Joshua Laine. Defendants County of Alameda Office of the District Attorney's offered protective order attached to their complaint is invalid, "An order that exceeds the jurisdiction of the court, is void, or voidable, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue." (See Rose v. Himely (1808) 4 Cranch 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 US 714, 24 L ed 565; Thompson v. Whitman (1873) 18 Wall 457, 21 l ED 897; Windsor v. McVeigh (1876)

93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 US 90, 37 Sct 343, 61 L ed 608. U.S. v. Holtzman, 762 F.2d 720 (9th Cir. 1985). Defendants DA should have protected Mr. Laine instead of making a frivolous criminal complaint, fabricating evidence, coercion, withholding evidence and negligent disregard for Mr. Laine and his daughters' well-being.

58. Under Federal law, which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). Defendants KNEW they should have dismissed Case No.: 20-cr-003572, which violates numerous laws guaranteed to protect Mr. Laine and his daughter.

59. The weaponized DVRO was granted out of retaliation against Mr. Laine and meant to cause him serious injury. Defendants knew this.

60. The Office of the District Attorney KNEW about the problems Vickie Dutton gave to Joshua Laine (Id.) when he has been trying to be is a responsible and loving father to his daughter; additionally, the Office of the District Attorney KNEW about the transgressions and consistent targeting from dishonorable and bad actor judge Jason Clay. The Office of the District Attorney took ADVANTAGE of these elements in order to retaliate against Mr. Laine. The Office of the District Attorney KNEW Joshua Laine sued them in federal court in 2018 case no.: 3:18-cv-04390, for numerous government and corporate abuses. For these actions and pattern of behaviors and evidence alone, Plaintiff is owed relief and Defendants should be punished. 18 U.S.C. 241 and 242; and 42 U.S.C. 1983, 1985 and 1986, prevent Defendants from engaging in such callous, outrageous and reckless behavior.

//

## V.    CAUSE OF ACTION: FIRST CLAIM FOR RELIEF
### OBSTRUCTION

61. Plaintiff re-alleges and incorporates previous paragraphs 1-60 as though they were again set forth fully herein;

62. This Count and each Claim herein assert deprivations of constitutional rights under color of law pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and Cal. Cons. Art. I, § 26 against Defendants as indicated per Claim.

63. Defendants, and each of them, at all relevant times herein were acting under color of law when they jointly acted or knew and agreed and thereby conspired to violate plaintiffs' constitutional rights by, and not limited to, obstructing due process.

64. Defendants School District, Martin, Doe 1 Melanie, and Doe 2 Karen, KNEW they were obstructing the relationship between a father and daughter. These defendants KNEW they were obstructing the truth from the record when they lied to Livermore police Officers and coerced Dutton into filing criminal charges against her daughter's father. Martin KNEW he was instilling fear into Ms. Dutton and placing the onus of liability upon her. Martin and his accomplices Doe 1 Melanie, and Doe 2 Karen attempted to stretch the DVRO over them to cause chaos and avoid liability. These Defendants KNEW they were causing serious violations that would cause a major civil liability against government agencies and deprive Plaintiff of his rights to his daughter. Defendants School District, Martin, DOE 1 Melanie, and DOE 2 Karen are guilty of misfeasance to malfeasance to malpractice while they are in their personal capacity acting under color of law and/or in their professional capacity.

65. Defendants Livermore, Yost, Mayer and Hurley KNEW they were falsifying police reports by not questioning Mr. Laine to find out the truth. These defendants KNEW they were obstructing the truth from the record, to retaliate against Mr. Laine and willfully violate and deprive him of his rights. These defendants KNEW when they submitted a fraudulent police report to the District Attorney's Office that they were committing fraud upon the Court, causing a serious civil liability. The City of Livermore is beyond a reasonable doubt guilty for failing to supervise its incompetent police officers. Yost, Hurly and Mayer are guilty of obstructing the

truth from the record and obstructing Mr. Laine's relationship with his daughter which is a guaranteed protected right and willfully harming Plaintiff.

66. Defendants County, DA, Nancy, Santos, Carney and Clinton are guilty of obstruction by willfully failing to supervise, willfully failing to find the truth and investigate, willfully obstructing the truth from the record, and willfully obstructing discovery and evidence from plaintiff, and willfully submitting fraudulent documents upon the Court in hopes of placing the liability upon the Court.

67. Absolute and qualified immunity does not exist for Defendants. It has been established that Public officers are "persons" under § 1983 and may therefore face liability for constitutional deprivations, *Monell v. New York City Dep't of Social Servs.*,436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Absolute and Qualified Immunity does not apply according to the U.S. Constitution Article VI and *U.S. v. Will*, 449 U.S. 200, 216, 101S.Ct. 471, 66 L.Ed.2d 392,406 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5L.Ed 257 (1821).

68. It is a fact that in the Separations of Powers Act that no officer of any type qualifies for immunity. Defendants had a duty of care to defend and protect Plaintiff; *Robinson*, 278 F.3d at 1016. Based on the Biakanja factors [*Biakanja v. Irving*, 49 Ca.2d 647, 122 P.2d 293 (1958)] and the Roe factors [*Glen K. Jackson Inc. v. Roe*, 273 F3d. 1192, (9th Cir. 2001)] and pursuant Cal. Civ. Code 1714, Defendants owed Plaintiff a duty to care for their misrepresentations; "...a public entity faces respondent superior liability for injuries caused by its employees, and is only immune from liability when the individual employee is also immune. Cal. Gov. Code § 815.2", *Robinson*, 278 F.3d at 1016. Under California Government Code section 815.2, subdivision (a), the [Defendants] are liable for acts and omissions of its employees under the doctrine of *respondent superior* to the same extent as a private employer. Defendants can be sued and held accountable for their damages to Plaintiff. No entity or person(s) may receive immunity.

69. As a result of their conduct, Defendants are liable for Mr. Laine's injuries, either because they were integral participant in the violations and obstruction(s), or because they

knowing and willfully failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*; Gov. C. § 820; Civil Rights Act 1871 (42 U.S.C. §§ 1983, 1985, 1986).

70. Defendant's OUTRAGEOUS CONDUCT is a severe violation of a person's rights and is so extreme as to exceed all bounds of that usually tolerated in a civilized community. The RECKLESS DISREGARD that Defendant's knew or should have known that through judicial due process they were in violation of Plaintiff's rights to due process before deprivation of rights, privileges, and immunities relating to OBSTRUCTION; SUBSTANTIVE DUE PROCESS; EXPRESSION; PRIVACY and ASSOCIATION; ACCESS TO JUSTICE; and CRUEL AND/OR UNUSUAL PUNISHMENT. Defendant's acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was the target to violate such rights. Plaintiffs have suffered SEVERE EMOTIONAL DISTRESS because of Defendant's knowful and willful actions. Plaintiff has suffered the ups and downs and unknown results of legal proceedings for year(s) in an attempt to protect his rights. A SUBSTANTIAL FACTOR is that Defendant's conduct is causing Plaintiff severe emotional distress. Defendant's action to obstruct and violate due process and aiding in the deprivation of rights, privileges, and immunities relating to OBSTRUCTION; SUBSTANTIVE DUE PROCESS; EXPRESSION; PRIVACY and ASSOCIATION; ACCESS TO JUSTICE; and CRUEL AND/OR UNUSUAL PUNISHMENT is a violation of Plaintiff's rights and is the proximate cause for his severe emotional distress. But for Defendant's numerous violations of Plaintiffs' natural, civil and constitutional rights, Plaintiffs would not be suffering severe emotional distress.

71. Plaintiff is informed and believes, and thereon alleges, that Defendants, while under color of state law, by engaging in the aforementioned acts and/or in unauthorized and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. Laine, thereby justifying the award of exemplary damages and punitive damages only against all Defendants, is liable for an amount to be determined at trial.

72. Plaintiff is seeking all damages under this claim.

Plaintiff's Verified Complaint            Page 21 of 47

## VI.   CAUSE OF ACTION: SECOND CLAIM FOR RELIEF
### VIOLATION OF BILL OF RIGHTS ARTICLE I

73.  Plaintiff re-alleges and incorporates previous paragraphs 1-72 as though they were again set forth fully herein.

74.  To prevail on an Article I claim, plaintiff must show that: (1) plaintiff engaged in a constitutionally protected activity, (2) defendants took adverse action against plaintiff that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated in part by plaintiffs' exercise of his constitutional rights.

75.  On or around September 25th, 2019, Mr. Laine called Rancho Las Positas Elementary School to find out if he can observe his daughters grades. This is a constitutionally protected activity pursuant to U.S. Cons. Art. I, IX and 14th Amendment, in addition to, Cal. Con. Art. I §§ 1, 2, 7, and 26, et al.

76.  Defendants acted outside of the scope of their employment by retaliating against Plaintiff instilling fear into Ms. Dutton, making false statements to police, obstructing parent/child protected rights, depriving rights, filing false criminal charges and falsely imprisoning Plaintiff under coercion, threats and duress, compelling state benefits, compelling jurisdiction over a private matter, withholding and tampering evidence. Defendants attempted to chill and subdue Plaintiff with premeditated intent.

77.  Defendants and their employees and agents violated Plaintiffs' [guaranteed] protected rights to be free from interference, molestation and denial of association with Plaintiffs' daughter, in addition to and not limited to, free from false imprisonment, free from false allegations with no evidence in support and more importantly, Plaintiff has the [guaranteed] protected right of free exercise of association, child custody and privacy. Defendants knew this.

78. These unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in his persons and property.

79. Plaintiff is informed and believe that the acts of the Defendants and their employees and agents were intentional in failing to protect and preserve Plaintiffs' persons and property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that the

property would be seized and imprisoned unlawfully, based on the past circumstances of similar constitutional and statutory violations of the law.

80. As a direct and proximate consequence of these unlawful acts, Plaintiff has suffered and continues to suffer loss of his time with his daughter, enjoyment of his daughters education, freedom from an unconstitutional DVRO, freedom from false allegation (especially with no evidence to support them), personal property, taking of his persons under coercion, threats and duress, et al., and is entitled to compensatory damages for his lost time and knowledge of his daughter.

## VII.    CAUSE OF ACTION: THIRD CLAIM FOR RELIEF
## VIOLATION OF BILL OF RIGHTS ARTICLE IV

81. Plaintiff re-alleges and incorporates previous paragraphs 1-80 as though they were again set forth fully herein.

82. Defendants and their employees and agents violated Plaintiffs' Bill of Rights Article IV, [guaranteed] protection, to be free from unreasonable seizure of his papers and property, security of his persons, by forcing Plaintiff to be 'booked', falsely imprisoning him, without justifiable probable cause and warrant. Defendants had no proper cause to violate such secured rights because they never interviewed Mr. Laine to get his full side of the story, and they do not have evidence required to file a complaint. Defendants willfully and hastily took two perjured statements (from Ms. Dutton and Steve Martin (Id.)) without evidence, from hearsay, and filed a criminal complaint against Mr. Laine with intent to injure Mr. Laine without evidence; evidence needed to fulfill the requirements of Cal. Evidence C. §§ 250, 500, 550. Plaintiffs [still] carry the burden to prove that "Mr. Laine was arranging a time to pick up" and "take" (Id.) his daughter from school.

83. The U.S. Supreme Court has opined "Child removals are "seizures" under the Fourth Amendment. Seizure is unconstitutional without court order or exigent circumstances. Court order obtained based on knowingly false information violates fourth amendment." *Brokaw v. Mercer County,* 235 F.3d 1000, 1008, 7th Cir. (2000). Additionally, "For purposes of the Fourth Amendment, a "seizure" of a person is a situation in which a reasonable person would feel that he is not free to leave, and also either actually yields to a show of authority from police or social

workers or is physically touched by police. Persons may not be "seized" without a court order or being placed under arrest." *California v. Hobari D.*, 499 U.S. 621(1991). This type of illegal seizure is applicable based on that Plaintiff and Plaintiff's child P.L. was denied, guaranteed protected, Familial Association with each other, under the Article I.

84. By booking under coercion and threat, Defendants have at their pleasure Plaintiffs personal information, being used against him. This personal information can be used negatively against Plaintiff when applying for jobs, security clearances, background checks, et al.

85. Defendants and their employees and agents violated Plaintiff Mr. Laine's right to be free from false arrest and booking. By booking Mr. Laine, that egregious action constitutes an arrest. By booking Mr. Laine without warrant, and evidence to support Defendants complaint, and taking Mr. Laine's security, papers and persons, by coercion and threat, is a violation of Mr. Laine's Bill of Rights Article IV.

86. Defendants paperwork does not satisfy Federal Evidence Code §§ 901, 902.

87. These unlawful actions were done with the specific intent to deprive Plaintiff of his constitutional rights to be secure in his persons and property.

88. Plaintiff is informed and believe that the acts of the Defendants and their employees and agents were intentional in failing to protect and preserve Plaintiffs' persons and property and that, at minimum, Defendants were deliberately indifferent to the likely consequence that the property would be seized and imprisoned unlawfully, based on the past circumstances of similar constitutional and statutory violations of the law.

89. As a direct and proximate consequence of these unlawful acts, Plaintiff has suffered and continues to suffer loss of his personal property, taking of his persons under duress and is entitled to compensatory damages for his property, loss of personal information and taking injury.

90. Plaintiff is entitled to recover damages according to proof at time of trial.

//

## VIII.    CAUSE OF ACTION: FOURTH CLAIM FOR RELIEF
### VIOLATION OF BILL OF RIGHTS ARTICLE V

91.    Paragraphs 1 – 90, inclusive, are incorporated by reference as though set forth fully in this cause of action.

92.    Plaintiff has the right of protection against self-incrimination, "...nor shall be compelled in any criminal case to be a witness against himself..." There is no getting around that Plaintiff would be forced to take the stand in the superior court trial to testify against himself that he did contact his daughters' school, not in violation of the DVRO, but out of concern for her education; nowhere did Mr. Laine "attempt to arrange a time to 'take' his daughter" from school. Defendants County, DA, Nancy, Santos, Carney and Clinton' willful negligence would force Mr. Laine to testify against himself since he is counsel and the only 'witness' not investigated yet. Ms. Dutton was not a party of the phone calls between Mr. Laine and Martin and his secretaries, nor was her name even mentioned, however the prosecution just decided to make her a 'victim', because why not! Defendants conducted no investigation, supplied no evidence of an attempted "taking" or offered evidence of Dutton's and Martin's allegations and instead is relying on Mr. Laine to incriminate himself so the DA and County can boost their crime stats. This is not due process.

93.    Article Five GAURENTEES the right to DUE PROCESS and FAIRNESS, including the right to a fair trial, "...nor be deprived of life, liberty, or property, without due process of law..."; Defendants, and each of them, Inclusive, have violated this protection to the extreme, making the State of California, Inc. and its judges: Jason Clay, Jacob Blea, Leo Dorado, Stuart Hing, and Dennis McLaughlin liable for the egregious attacks and crimes committed against Mr. Laine. Judge Dennis McLaughlin KNEW he should have dismissed the [alleged] crimes against Mr. Laine when he had the FACTS in front of him on August 4, 2021, in Mr. Laine's Motion to Dismiss. McLaughlin instead cowardice'd and failed to uphold constitutional law (Defendants did not have jurisdiction) by denying the dismissal and violating Plaintiffs' rights to due process, putting the onus back on East County Hall of Justice WHILE Defendant's DA, Nancy, Clinton,

Santos and Carney sat back and watched the state actors squirm. Defendants are guilty of misfeasance to malfeasance, malpractice, fraud, oppression, malice and moral turpitude. Defendants KNEW they had a responsibility to provide *utmost care* to Plaintiff Joshua Laine.

94. Article V of the Bill of Rights also protects against the taking of property by the government without compensation, "...nor shall private property be taken for public use, without just compensation."; 'property' varies through common law and the fact that Defendants have deprived Mr. Laine of his daughter, his daughters education, deprived him of his freedom of movement and personal information where no compensation has been offered is a violation of Article V.

95. Defendants County of Alameda, DA, Nancy, Santos, Clinton, Carney, Livermore, Hurley, Yost and Mayer, conspiring together; participated in intentionally depriving Plaintiff of his freedom of due process, fair hearings, taking and depriving of property and personal information, compelled self-incrimination, threats of force, chilling, menace, fraud, deceit and unreasonable duress. Plaintiff is owed relief.

96. The burden of knowing the possibility of being taken at any time to be confined and/or detained prevented Plaintiff from exercising his rights and freedoms.

97. Plaintiff did not voluntarily consent to these constraints on his freedoms. Plaintiff was harmed physically and was injured psychologically, psychosocially, and financially by the willful violation of Bill of Rights Article V. Defendants knew Plaintiff's Bill of Rights Article I [Right] to Familial Association is a right protected further by Article V Liberty Interest it has in the regulation of a custodial relationship.

98. Defendants', and each of their, participatory conduct in creating the violation(s) were/was a substantial factor in causing the harms to Plaintiff Joshua Laine.

99. Plaintiff is entitled to recover damages according to proof at time of trial.

### IX.    CAUSE OF ACTION: FIFTH CLAIM FOR RELIEF
### VIOLATION OF BILL OF RIGHTS ARTICLE VI

100. Paragraphs 1 – 99, inclusive, are incorporated by reference as though set forth fully in this cause of action.

101. The Bill of Rights Article VI protects Plaintiff's rights and freedoms of Article V that protects Article I's guaranteed protected right Familial Association. Defendants suppressed witnesses and evidence from Plaintiff which Plaintiff has the right to confront, under Article VI. This process does not need to wait for trial. Defendants also willfully failed to provide jurisdiction when Mr. Laine challenged jurisdiction two times. Defendants do not have jurisdiction over private matters.

102. Defendants intentionally deprived Mr. Laine of this due process in hopes to punish Mr. Laine and cause serious irreparable harm to him.

103. Defendants', and each of their, participatory conduct in creating the violation(s) were/was a substantial factor in causing the harms to Plaintiff Joshua Laine.

104. Plaintiff is entitled to recover damages according to proof at time of trial.

## X.    CAUSE OF ACTION: SIXTH CLAIM FOR RELIEF
### VIOLATION OF BILL OF RIGHTS ARTICLE VIII

105. Paragraphs 1 – 102, inclusive, are incorporated by reference as though set forth fully in this cause of action.

106. Bill of Rights Article VIII protects Plaintiff against "cruel and unusual punishments inflicted", by Defendants knowingly and willfully engaging in prohibited activities such as enforcing an illegal restraining order, by preventing and depriving Mr. Laine from being with his biological offspring, by preventing and depriving Mr. Laine from knowing the safety and education of his biological offspring, by making false allegations about Mr. Laine, by discriminating and defaming against Mr. Laine, by compelling state benefits, by taking Mr. Laine's person(s) and using that information against him, by incriminating Mr. Laine, by coercing, intimidating, threatening, oppressing and committing fraud, Defendant's, and each of them, Inclusive, should have known that they were in violation of the [Law] and were inflicting cruel and unusual punishment upon Mr. Laine.

107. Defendants KNEW Mr. Laine was the prime target, where they could have corrected the matter. At the very least Defendants could have apologized. Defendants' actions were premeditated, willful, egregious and done with malice and oppression.

108. Defendants' actions and inactions as alleged herein and were negligent, intentional, careless, mistaken and/or reckless.

109. Defendants' breaches and violations of the duties owed to Plaintiff were a substantial factor in causing Plaintiffs physical, mental and emotional pain.

110. Plaintiff is entitled to recover damages according to proof at time of trial.

## XI.    CAUSE OF ACTION: SEVENTH CLAIM FOR RELIEF
## VIOLATION OF BILL OF RIGHTS ARTICLE IX

111. Paragraphs 1 – 110, inclusive, are incorporated by reference as though set forth fully in this cause of action.

112. Plaintiff Joshua Laine invokes all inalienable rights unwritten in the United States Constitution and the California Constitution that protects Plaintiff from abuses of power. All Defendants, and each of them, Inclusive, were either acting under color of law or in a professional capacity when they KNEW they were violating state and federal laws and depriving Mr. Laine from free exercise of freedoms and not committing any crimes nor was he threatening the public. Article IX is guaranteed protection from corporate abuse and individuals acting in their commercial capacity.

113. When dishonorable judge Jason Clay granted the unconstitutional DVRO, he KNEW he was in violation of corporate law and Article IX, et al. He knew that the DVRO did not apply to Mr. Laine. Defendants KNEW that Article IX and 93+ years of state and federal case law protect Mr. Laine and his biological offspring. Mr. Laine reserves his rights and never authorized/contracted such abusive and willful negligent behavior and abuses by Defendants.

114. Defendants' actions and inactions as alleged herein and were negligent, intentional, careless, mistaken and/or reckless.

115. Defendants' breaches and violations of the duties owed to Plaintiff were a substantial factor in causing Plaintiffs physical, mental and emotional pain.

116. Plaintiff is entitled to recover damages according to proof at time of trial.

//

## XII.    CAUSE OF ACTION: EIGHTH CLAIM FOR RELIEF
## VIOLATION OF THE FOURTEENTH AMENDMENT

117.  Paragraphs 1 – 116, inclusive, are incorporated by reference as though set forth fully in this cause of action.

118.  Defendants' policies, practices, and customs regarding the abuse of due process, protection, deprivation of rights and lack of providing the *utmost care* to Plaintiff complained of herein violated the rights of Plaintiff. These policies, practices, and customs also violated the rights of Plaintiff to due process and privacy under the Fourteenth Amendment, and directly and proximately damaged Plaintiff. Plaintiff is entitled to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983, et al.

119.  The Fourteenth Amendment PROHIBITS the act of no DUE PROCESS and provides fair and equal treatment for all parties involved in a matter; "A due-process violation occurs when a state-required breakup of a natural family is founded solely on a "best interests" analysis that is not supported by the requisite proof of parental unfitness." *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978).

120.  Defendants engaged in prohibited activities pursuant to the Fourteenth Amendment of the U.S. Constitution by deliberately disregarding DIRECT EVIDENCE submitted to the Superior Courts and Higher Authorities from Plaintiff to PROVE (Ca. *Evidence Code* §§ 115, 500) the lies in the declarations, mediation reports and police reports from Defendants.

121.  EQUEL PROTECTION IS GAURENTEED by the Fourteenth Amendment, a child has a constitutionally protected interest in the companionship and society of his or her parent. *Ward v. San Jose*, 967 F.2d 280, 9th Cir. (1992).  Additionally, "A parent's right to the preservation of his relationship with his child derives from the fact that the parent's achievement of a rich and rewarding life is likely to depend significantly on his ability to participate in the rearing of his children.  A child's corresponding right to protection from interference in the relationship derives from the psychic importance to him of being raised by a loving, responsible, reliable adult." *Franz v. U.S.*, 707 F 2d 582, 595-599, US Ct. App. (1983).

122.  But for, "The U.S. Court of Appeals for the 9th Circuit (California) held that the parent-child relationship is a constitutionally protected liberty interest. (See: Declaration of Independence--life, liberty and the pursuit of happiness and the 14th Amendment of the United

States Constitution -- No state can deprive any person of life, liberty or property without due process of law nor deny any person the equal protection of the laws.) *Kelson v. Springfield*, 767 F 2d 651; US Ct. App 9th Cir, 1985.

123. Defendants' actions and inactions as alleged herein and were negligent, intentional, careless, mistaken and/or reckless.

124. Defendants' breaches and violations of the duties owed to Plaintiff were a substantial factor in causing Plaintiffs physical, mental and emotional pain.

125. Plaintiff is entitled to recover damages according to proof at time of trial.

## XIII.    CAUSE OF ACTION: NINTH CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 U.S.C. § 1983; 42 U.S.C. §1985; 42 U.S.C. § 1986)

126. Paragraphs 1 – 125, inclusive, are incorporated by reference as though set forth fully in this cause of action.

127. All individual Defendants, and Does 1 through 10, Inclusive, conspired to and did violate Plaintiff Joshua Laine's civil and natural rights, by contributing to and causing denial of his right to Familial Association with his daughter and her education.

128. These Defendants, and each of them, violated Plaintiff Joshua Laine's right to due process prior to depriving him of his liberties and property.

129. These Defendants, and each of them, retaliated against (or enabled, assisted, encouraged others to retaliate against) Plaintiff Joshua Laine when attempts were made to restore his rights.

130. These Defendants, and each of them, manufactured false evidence (or lack thereof) against (or enabled, assisted, encouraged others to manufacture false evidence against) Plaintiff Joshua Laine in furtherance of their violations of federal rights.

131. Each Defendant was acting or purporting to act in the performance of their official duties under color of law or as a private actor performing a traditional and/or exclusive public function in violating Plaintiff Joshua Laine's federal rights as discussed herein.

132. Defendants, and each of their, conduct (1) coerced individuals into making false reports; (2) made false statements to specifically target and harm Plaintiff; (3) discriminated and

defamed Plaintiff; (4) falsely imprisoned Plaintiff under duress and through coercion and threat; (5) improperly took Plaintiffs identity; (6) prosecuting under false jurisdiction and fake identities; (7) withheld and tampered evidence and discovery; (8) perjured government documents; (9) willfully and deliberately failed to investigate; (10) failed to prosecute and; (11) implemented [kangaroo] criminal procedures rather than due process and; 127. Defendants, and each of their, conduct (1) violated Joshua Laine's rights to due process guaranteed by the Fourteenth Amendment, (2) knowing and willfully violated 93 plus years of case law protecting Familial Association guaranteed by Articles I, IV, V, VI, IX of the United States Constitution, (3) violated rights under federal law to not be retaliated against for assertion of Constitutional rights, and/or (4) violated rights to not have false evidence presented in association with deprivation of liberties and property.

133. As a result of Defendants', and each of their, conduct described herein, Joshua Laine was harmed economically, physically, and psychologically. Plaintiff was/is a target and Defendant's actions were done with intent to harm, malice, moral turpitude, oppression and fraud while acting under color of law, all which 42 U.S.C. §§ 1983, 1985 1986 was designed to prevent.

134. Defendants', and each of their, conduct described herein is a substantial factor in causing Joshua's harm and irreparable injury.

135. Joshua Laine is entitled to recover damages, including economic, non-economic and punitive damages awarded by jury.

136. Defendant County is vicariously responsible for these Defendants' conduct under California Government Code § 815.2; and said conduct is not immunized, including by Government Code § 820.21.

137. These Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they KNEW not to be true and proper.

138. As a legal result of Defendants' tortious conduct, Plaintiff suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in amount subject to proof at trial.

139. All individual Defendants, and Does 1 through 10, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiff and his daughter in a despicable manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing these individual Defendants and to deter them and others from such conduct in the future.

## XVI.  CAUSE OF ACTION: TENTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT

140. Paragraphs 1 – 139, inclusive, are incorporated by reference as though set forth fully in this cause of action.

141. By Defendants, County of Alameda, DA, Nancy, Santos, Clinton, Carney, Livermore, Hurley, Yost and Mayer, conspiring together; wrongfully ordered Mr. Laine to be 'booked' at the Santa Rita Jail in Dublin, California and implemented other improper restrictions on his rights and freedoms. Mr. Laine was subject to restrictions and false imprisonment from March 15, 2021 to present day. Defendants knew Bill of Rights Article VIII prevents this harmful activity.

142. Plaintiff Mr. Laine was restrained and/or detained by Defendants, and each of them, by being forced to be booked, by intimidation, coercion and threat, against his authorization and will, by being burdened with the unknown possibility of being physically taken and jailed at any time and through other unnecessary restrictions on his rights and freedoms.

143. Defendants County of Alameda, DA, Nancy, Santos, Clinton, Carney, Livermore, Hurley, Yost and Mayer, conspiring together; participated in intentionally depriving Plaintiff of his freedom of movement by use of physical barriers at Santa Rita, by the guise of physical barriers, force, taking of personal information, threats of force, chill, menace, fraud, deceit and unreasonable duress.

144. The burden of knowing the possibility of being taken at any time to be confined and/or detained prevented Plaintiff from exercising his rights and freedoms.

145. Plaintiff did not voluntarily consent to these constraints on his freedom of movement. Plaintiff was harmed physically and was injured psychologically, psychosocially, and financially by the false imprisonment.

146. Defendants', and each of their, participatory conduct in creating the false imprisonment were/was a substantial factor in causing the harms to Plaintiff Joshua Laine.

147. Plaintiff is entitled to recover damages according to proof at time of trial.

## CAUSE OF ACTION: ELEVENTH CLAIM FOR RELIEF
### PROSECUTORIAL MISCONDUCT

148. Paragraphs 1 – 147, inclusive, are incorporated by reference as though set forth fully in this cause of action.

149. 42 U.S.C. provides that a person acting "under color of" state or local law or usages can be individually liable for deprivation of federal constitutional (or other federally protected) rights. The statutes primary purpose is to compensate and deterrence "for violations of federal rights committed by persons acting under color of state law." (Howlett v. Rose (1990) 490 U.S. 356, 358). Plaintiff can recover punitive damages as he has proven the prosecutors conduct came from an evil intent or callous indifference to protected civil rights or recklessness. (Smith v. Wade (1983) 461 U.S. 30, 56). Plaintiff has proven Defendants County of Alameda, DA, Nancy, Santos, Clinton, Carney, Livermore, Hurley, Yost, Mayer (1) compelled a state and county benefit upon Mr. Laine without consenting contract and authorization; (2) compelled jurisdiction when they had none; (3) willfully failed to investigate and fulfill meet and confer requirements prior to filing a complaint; (4) created a false fanciful story to attack Mr. Laine and file perjured government documents; (5) removed liability from themselves and placed it upon the State of California, Inc.; (6) engaged in fraud upon the court; (7) compelled false imprisonment; (8) withheld evidence and tampered evidence in violation of *California v. Trombetta* 467 U.S. 479 (1984) and *Brady v. Maryland* 373 U.S. 83 S. Ct. 1194 (1963) and Ca. P.C. §1054 and; (9) Defendants' actions prevents Mr. Laine from coordinating a proper and legal defense. Defendants' actions were premeditated, directed and specifically targeted to Plaintiff who is owed relief.

150. Malicious, wanton or oppressive acts or omissions can justify punitive damages under section 1983. *Dang v. Cross* (9th Cir. 2005) 422 F.3d 800, 807. Defendant's malicious prosecution was conducted with the intent to deprive Plaintiff of federal rights, (*Bretz v. Kelman* (9th Cir. 1985) 773 F.2d 1026, 1031); where Defendants were (1) acting under color of law, (2)

their actions cause severe irreparable injury to Plaintiff and his daughter, and (3) Plaintiffs inalienable rights are protected by the Bill of Rights Article I and IX, 14th Amendment and numerous Articles in the California Constitution. Defendants DA, Nancy, Santos, Clinton and Carney KNEW they had no business interfering in Mr. Laine's relationship with his daughter and they KNEW they were supposed to protect their rights. Defendants KNEW 93 plus years of California Supreme Court and United States Supreme Court opins and orders protect Mr. Laine from their actions.

151.  Defendants should have, legally, reprimanded dishonorable judge Jason Clay for creating such an illegal restraining order, in addition to, reprimanding Vickie Dutton for fraud, breaking in and entering, theft, child abuse, stalking and assault and battery. Defendants KNEW of the police reports filed of the crimes committed by Ms. Dutton to Mr. Laine and that Mr. Laine sought extensive help from law enforcement.

152.  The fact that Defendants refuse to communicate with Mr. Laine or even bother showing up to court hearings to resolve this matter, instead of wasting valuable time and resources, proves Defendants' additional intent to harm Mr. Laine.

153.  Defendant Nancy O'Malley, supervisor of the District Attorney's Office, may be liable under section 1983 because (1) she was personally involved in the constitutional deprivation; and (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional tort. *Mackinney v. Nielsen* (9th Cir. 1995) 69 F.3d 1002, 1008; *Redman v. County of San Diego* (9th Cir. 1991) 942 F.2d 1435, 1446; *Hansen v. Black* (9th Cir. 1989) 885 F.2d 642, 646. Supervisory liability may be imposed against a supervisor for her own culpable conduct in the training, supervision, or control of subordinates, for the acquiescence in constitutional deprivations, or for acting with "reckless or callous indifference to the rights of others." (California Government Tort Liability Practice, § 13.25 (4th ed. Cal CEB 1999) citing *Menotti v. City of Seattle* (9th Cir. 2005) 409 F.3d 1113, 1149.) Defendant Nancy O'Malley KNEW about her agents targeting Mr. Laine and willfully failed to uphold the law and protect Mr. Laine and failed to reprimand her agents. No policy or law provides that Nancy and her constitutionally incompetent agents can cause suffering to Mr. Laine.

154.  Prosecutors can be held liable in a section 1983 action in their "personal capacity" since they are "persons" under section 1983. (*Hafer v. Melo* (1991) 502 U.S. 21, 30-31 ["[T]he

Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under [section] 1983."].) "Personal-capacity suits seek to impose personal liability upon a government official for actions he [or she] takes under color of state law." (*Kentucky v. Graham* (1985) 473 U.S. 159, 165.) Thus, "[o]n the merits, to establish personal liability in a [section] 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." (Id. at 166 [emphasis in original].) Evidence demonstrates abuse of process and that Defendants were not acting within the scope of their employment, Ca. Gov. C. §§ 815.2, 820. Nothing in the Government Code "exonerates a public employee from liability for false arrest or false imprisonment." (Gov. Code § 820.4.) If a public employee is exposed to liability the employer public entity may be liable for the employee's actions under the principle of *respondeat superior*. (Gov. Code § 815.2; *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710, 717).

155. Defendants' actions and inactions as alleged herein and were negligent, intentional, careless, mistaken and/or reckless.

156. Defendants' breaches and violations of the duties owed to Plaintiff were a substantial factor in causing Plaintiffs physical, mental and emotional pain.

## CAUSE OF ACTION: TWELFTH CLAIM FOR RELIEF
## VIOLATION OF STATE CIVIL RIGHTS (CIV. C. § 52.1)

157. Paragraphs 1 – 156, inclusive, are incorporated by reference as though set forth fully in this cause of action.

158. Defendants Livermore, Officer Hurley, Officer Mayer and Officer Yost engaged in activities outside of the scope of their employment by failing to interview Mr. Laine, by failing to obtain actual evidence from Ms. Dutton's and Martin's false allegations, pursuant to Ca. Evidence C. §§250, 500, 550; by failing to supervise and inspect all aspects of the false report; by knowingly and willfully falsely imprisoning Mr. Laine, and not limited to, knowing that Mr. Laine could be taken at any time so Mr. Laine carried the burden of being intimidated and psychological stress; by filing a fraudulent police report with false allegations; by preventing Mr. Laine from being with his daughter and by knowing Ms. Dutton, Martin, Doe 1 Melanie and Doe 2 engaged in child abuse, parental alienation and child trafficking; by discriminating against Mr.

Laine calling him a "sovereign citizen"; and by Defendants knowing they were depriving Mr. Laine of protected constitutional rights.

159. As alleged herein, Defendants Officer Hurley, Officer Mayer and Officer Yost, and City of Livermore interfered by threats, intimidation, coercion, and/or violence with Plaintiffs rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

160. Defendants' conduct caused Plaintiff extreme pain and suffering both with regards to physical and mental suffering.

161. As a result of their conduct, Defendants are liable for Mr. Laine's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

162. As a direct and legal result of Defendants' acts and omissions, Mr. Laine suffered damages, including, without limitation, pain and suffering, emotional distress, psychological injury, attorneys' fees, and costs of suit.

163. Plaintiff is informed and believes, and thereon alleges, that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of exemplary damages and punitive damages only against Defendants Officer Hurley, Officer Mayer and Officer Yost in an amount to be determined at time of trial.

164. Plaintiff brings this claim seeking all damages under state law. Plaintiff also seeks reasonable attorneys'/court fees under this claim.

//

**CAUSE OF ACTION: THIRTEENTH CLAIM FOR RELIEF**

**VIOLATION OF STATE CIVIL RIGHTS (CIV. C. § 43)**

165.  Paragraphs 1 – 164, inclusive, are incorporated by reference as though set forth fully in this cause of action.

166.  All Defendants, and Does 1-10, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California and federal law, including as to proceedings described in Ca. Gov. C. §§815.2, 820(a); Ca Civ. C. §§1708, 1714.

167.  To the extent not separately responsible, Defendant County of Alameda is vicariously responsible for these Defendants' conduct under Gov. C. § 815.2; and said conduct is not immunized.

168.  As a result of the conduct of said Defendants, and each of them, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, violated Plaintiffs' personal and civil rights, including the right of protection from false allegations, false imprisonment, bodily restraint or harm, from personal insult and violation, from defamation and from injury to personal relation, as set forth in Ca. Civ. C. §43, including by, but not limited to, by interfering, by threats, by intimidation, or coercion, or attempts thereto, in the exercise and enjoyment of Plaintiffs' rights secured by the United States Constitution, other Federal laws, and the Constitution and laws of the State of California (conduct not immunized), under color of law and by the use of fabrication of evidence, false allegations, submission of no evidence, failure to disclose exculpatory evidence and obtaining allegations under coercion, duress, fraud, undue influence. Pursuant to Venegas v. County of Los Angeles (2004) 32 Cal. 4th 820, Plaintiff is not required to make a showing of discriminatory intent or show that he is a member of a protected classification to exercise these rights).

169.  The acts of Defendants that are previously alleged, in this complaint, and incorporated by the references herein to the extent applicable, interfered, or attempted to interfere, with the exercise of Plaintiffs' personal and civil rights under the laws Constitution of the State of California, including Plaintiffs' rights of privacy and those rights under Civil Code §43, as well as the laws and the Constitution of the United States, as stated herein.

170. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages, including but not limited to, great emotional and psychological distress, humiliation and mental anguish that Plaintiff can prove at trial.

171. These violations of Plaintiffs' personal and civil rights by Defendants, and Does 1-10, Inclusive, and each of them, are protected and guaranteed by Cal. Civ. C. § 52.1 entitling Plaintiff to damages and relief, including damages under Cal. Civ. C. § 52, other equitable relief, punitive damages, injunctive relief, statutory civil penalty (including a minimum of $25,000.00 as to each individual Defendant) and attorney's fees and court costs, (pursuant to CC § 52.1(h)), all of which are requested herein.

172. In doing the acts alleged in this complaint, Defendants, and each of them, knew or should have known, that their actions were likely, or would, to injure and damage Plaintiff and Plaintiff is informed and believe, and thereon allege, that the individual Defendants, and each of them, intended to cause injury to Plaintiff, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiff to recover punitive damages as against said individual Defendants.

## CAUSE OF ACTION: FOURTEENTH CLAIM FOR RELIEF
### DISCRIMINATION

173. Paragraphs 1 – 172, inclusive, are incorporated by reference as though set forth fully in this cause of action.

174. Defendants', and each of their, conduct discriminated against Plaintiff by being denied access to his daughter, denied his right to father, denied right to familial association, denied access to his daughters' well-being and education, denied access to his daughters' school achievements, denied access to evidence and discovery and communication with prosecution, denied due process, defamed by professional public servants (Id. Exhibit 5 (6:3; 14:17), denied right to defend himself and make a proper defense strategy and deprived liberties and freedom from government molestation.

175. As a result of Defendants', and each of their, conduct described herein, Joshua Laine was harmed economically, physically, and psychologically. Plaintiff was/is a target and

Defendant's actions were done with intent to harm, malice, moral turpitude, oppression and fraud while acting under color of law, all which 42 U.S.C. §§ 1983, 1985 1986 was designed to prevent.

176. Defendants', and each of their, conduct described herein is a substantial factor in causing Joshua's harm and irreparable injury.

177. Joshua Laine is entitled to recover damages, including economic, non-economic and punitive damages awarded by jury.

178. These Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct of discrimination, which they KNEW not to be true and proper.

179. As a legal result of Defendants' tortious conduct, Plaintiff suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry, mortification, shock, humiliation, separation and indignity to an extent and in amount subject to proof at trial.

180. All individual Defendants, and Does 1 through 10, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to discriminate and harm Plaintiff and his daughter in a despicable manner. Therefore, Plaintiff is entitled to an award, by jury, of punitive damages for the purpose of punishing these individual Defendants and to deter them and others from such conduct in the future.

## CAUSE OF ACTION: FIFTHTEENTH CLAIM FOR RELIEF
### CORPORATE FRAUD

181. Paragraphs 1 – 180, inclusive, are incorporated by reference as though set forth fully in this cause of action.

182. Any Court / Judge/magistrate is impartial and brings question in regards to their insistence that one surrender a Right, which is very evident when they hold back, not answer, refuse to answer Writs; 'Averment of Jurisdiction', which has been submitted to the Court (see Exhibit 4). These acts also bring question in regards to Fraud, and includes any Officer of the Court, who colludes with such actions:

Plaintiff's Verified Complaint                Page 39 of 47

Fraud is in its elementary common law sense of deceit... includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public ,... and if he deliberately conceals material information from them then he is guilty of fraud. *McNally v. U.S.*, 483 U.S. 350, 371-372; *U.S. v. Holzer*, 816 F.2d. 304, 307;

183. Fraud also includes any intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. A false representation of material fact... which deceives and is intended to deceive another so that he shall act upon it to his legal injury. ...it consists of some deceitful practice or willful device, resorted to with intent to deprive another of his right, or in some manner to do him injury... (emphasis added), Black's Law Dictionary 5th Ed. Pg. 594;

184. Courts have also held silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct... if that is the case we hope that our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately *U.S. v. Prudden*, 424 F.2d. 1021 (1970); *U.S. v. Tweed*, 550 F2d. 297, 299, 300 (1977). Fraud and deceit may arise from silence where there is a duty to speak the truth, as well as from speaking an untruth. *Morrison v. Coddington*, 622 P.2d. 155, 135 AZ 480 (1983);

185. Defendants' Martin, Does 1 Melanie and Does 2 Kara engaged in prohibited activities pursuant to school policy, City of Livermore Ordinances and State Law by committing fraud by (1) Martin should never have lied, 18 U.S.C. 1623, to Livermore Police and Ms. Dutton by telling them that Mr. Laine "made threats to take his daughter" while "attempting to set a pick up time" (Id.), when in [fact] Mr. Laine's audio (transcripts) proves this is false; (2) Does 1 Melanie and Does 2 Kara had a moral obligation to correct Principal Steve Martin. Does 1 Melanie and Does 2 Kara aided and abetted Principal Steve Martin. Defendant LVJUSD is vicariously responsible for these Defendants' conduct under California Government Code § 815.2, et al.; and said conduct is not immunized, including by Government Code § 820.21.

186. Defendants' Yost, Hurley and Mayer engaged in prohibited activities pursuant to, City of Livermore Ordinances and State Law by committing fraud by (1) taking a false testimony from Ms. Dutton with no evidence, Cal. Evid. C. §§ 250, 500, 550, (2) by perjuring government documents, 18 U.S.C. 1623, (3) by not conducting a full investigation with Mr. Laine and (4) by

discriminating and defaming Mr. Laine (Id.). Defendant City of Livermore is vicariously responsible for these Defendants' conduct under California Government Code § 815.2, et al; and said conduct is not immunized, including by Government Code § 820.21.

187. Defendants' DA, Nancy, Carney, Clinton and Santos engaged in prohibited activities pursuant to, County of Alameda Ordinances and State Law by committing fraud by (1) filing criminal charges based on lies and no evidence, 18 U.S.C. 1623, against Mr. Laine, (2) failing to identify jurisdiction when they knew they had none, (3) they knew ordinances do not apply to Mr. Laine, (4) they knew their information was false, 18 U.S.C. 1623, when submitting it to the courts and placing the liability upon the courts, (5) by willfully failing to investigate the matter with Mr. Laine and fulfil Meet and Confer requirements, (6) by failing to prosecute their superior court case, (7) by falsely imprisoning Mr. Laine and illegally taking his personal information and using it against him, (8) by trying to get Mr. Laine to incriminate himself and (9) by willfully failing to supervise. Defendant County of Alameda is vicariously responsible for these Defendants' conduct under California Government Code § 815.2, et al; and said conduct is not immunized, including by Government Code § 820.21.

188. As a result of Defendants', and each of their, conduct described herein, Joshua Laine was harmed economically, physically, and psychologically. Plaintiff was/is a target and Defendant's actions were done with intent to harm, malice, moral turpitude, oppression and fraud while acting under color of law, all which 42 U.S.C. §§ 1983, 1985 1986 was designed to prevent.

189. Defendants' do not have immunity "...but, the individual's rights to live and own property are natural rights for the enjoyment of which an exercise cannot be imposed." *Cooper v. Aaron*, 358 U.S. 1, 78 S Ct. 1401 (1958). Defendants acted in complete disregard of Plaintiff's Constitutional rights and can be held liable: *U.S. v. Throckman*, 98 U.S. 61, "Whereas, officials and even judges have no immunity", citing; [Owen v. City of Independence, 100 S Ct. 1398; *Maine v. Thiboutot*, 100 S Ct. 2502; *Hafer v. Melo*, 502 U.S. 21; "officials and judges are deemed to know the law and sworn to uphold the law; officials and judges cannot claim to act in good faith in willful deprivation of law, they certainly cannot plead ignorance of the law, even the Citizen cannot plead ignorance of the law, the Courts have ruled that there is no such thing as ignorance of the law, it is ludicrous for learned officials and judges to plead ignorance of the law

therefore there is no immunity, judicial or otherwise, in matters of rights secured by the Constitution for the United States of America."]. Officials and judges have a duty to care for Plaintiff, "It is the duty of all officials whether legislative, judicial, executive, administrative or ministerial to so perform every official act as not to violate constitutional provisions." *Williamson v. U.S. Dept. of Ag.*, 815 F. 2d. 369; *ACLU Foundation v. Barr*, 952 F. 2d. 457, 293 U.S. App. DC 101, (CA DC 1991).

190. Defendants', and each of their, conduct described herein is a substantial factor in causing Joshua's harm and irreparable injury.

191. Joshua Laine is entitled to recover damages, including economic, non-economic and punitive damages awarded by jury.

192. These Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they KNEW not to be true and proper.

193. As a legal result of Defendants' tortious conduct, Plaintiff suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in amount subject to proof at trial.

194. All individual Defendants, and Does 1 through 10, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiff and his daughter in a despicable manner. Therefore, Plaintiff is entitled to an award, by jury, of punitive damages for the purpose of punishing these individual Defendants and to deter them and others from such conduct in the future.

### CAUSE OF ACTION: SIXTEENTH CLAIM FOR RELIEF
### WILLFUL NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

195. Paragraphs 1 – 194, inclusive, are incorporated by reference as though set forth fully in this cause of action.

196. Plaintiff Joshua Laine was harmed by the professional negligence, including by way of fraudulent conspiracy, of named Defendants: County of Alameda, DA, Nancy, Santos,

Plaintiff's Verified Complaint                    Page 42 of 47

Clinton, Carney, Livermore, Hurley, Yost, Mayer, Martin, LVJUSD, Doe 1 Melanie and Doe 2 Kara.

197. Each of these Defendants was negligent in providing professional and personal services as a failed supervisor (County of Alameda, Livermore, LVJUSD, and Nancy); as failed lawyers sworn to protect Mr. Laine and his daughter, including their rights (Nancy, Santos, Carney and Clinton); as a failed police officers sworn to protect the rights of Mr. Laine and his daughter (Hurley, Mayer and Yost); as failed school administrators (Martin, Doe 1 Melanie and Doe 2 Kara). Again, Defendants' acted under color of law, hiding behind law and policy to willfully cause irreparable harm and injury to Plaintiff by making false statements/allegations, premeditated targeting, endangering a minor child, child abuse, aiding and abetting child trafficking, fraud, withholding evidence, tampering evidence, illegal contracting and jurisdiction, false imprisonment and prosecutorial misconduct.

198. Plaintiff Joshua Laine was harmed and injured as a result of these Defendant's, and each of their, professional negligence and willful negligence resulting in deprivation of rights, violation of rights, molestation, chilling, false imprisonment, misconduct, perjury, fraud, oppression, malpractice(s), misfeasance to malfeasance, force, unreasonable duress and menace.

199. These Defendants', and each of their, professional negligence and willful negligence was a substantial factor in causing Plaintiff Joshua Laine's irreparable harm injuries.

200. The above violations proximately caused Plaintiffs injury. Had Plaintiffs not breech their duties, Plaintiff would not have suffered irreparable harm and injury. Plaintiff's injuries resulted from an occurrence the nature of which Cal. Civ. Code §§ 1708, 1714(a) and 42 U.S.C. §§ 1983, 1985, 1986 was designed to prevent. The person(s), Plaintiffs, suffering the injury is one of the class of persons for whose protection the statute was adopted. Plaintiff, Mr. Laine is the legal and biological father of P.L. and at no time did Defendants have the right or authority to deny Plaintiff his natural and civil rights to each other.

201. Defendants', and each of them, Inclusive, have no immunity, precedent holds in the doctrine of *U.S. v. Throckman*, 98 U.S. 61, 'Whereas, officials and even judges have no immunity"; *Owen v. City of Independence*, 100 S Ct. 1398; *Maine v. Thiboutot*, 100 S Ct. 2502; *Hafer v. Melo*, 502 U.S. 21; "officials and judges are deemed to know the law and sworn to uphold the law; officials and judges cannot claim to act in good faith in willful deprivation of

law, they certainly cannot plead ignorance of the law, even the Citizen cannot plead ignorance of the law, the Courts have ruled that there is no such thing as ignorance of the law, it is ludicrous for learned officials and judges to plead ignorance of the law therefore there is no immunity, judicial or otherwise, in matters of rights secured by the Constitution for the United States of America.". Officials and judges have a *duty to care* and provide *utmost care* for Plaintiff, "It is the duty of all officials whether legislative, judicial, executive, administrative or ministerial to so perform every official act as not to violate constitutional provisions." *Williamson v. U.S. Dept. of Ag.*, 815 F. 2d. 369; *ACLU Foundation v. Barr*, 952 F. 2d. 457, 293 U.S. App. DC 101, (CA DC 1991).

202. Defendant's willful negligence and severe disregard of preventing Plaintiff from enjoying happiness (Cal. Con. Art. I § 1) is the proximate cause of Plaintiff's injuries and loss.

203. Defendant's outrageous conduct is the proximate cause of Plaintiffs injuries and loss.

204. Plaintiff suffered damages as a result of each Defendant's professional negligence and willful negligence according to proof at time of trial.

### Demand for Jury Trial

205. Plaintiff hereby demands a jury trial as to those issues of fact and law so triable.

### XIV.   PRAYER FOR RELIEF

206. The effect of Defendant's actions disparages, denies and prejudices substantive natural and constitutional rights including but not limited to association, suppression, contracting, due process, prejudices substantive rights, chilling and perjury. Defendants are guilty of malice, fraud and oppression, as defined in 18 U.S.C. §§ 1341, 241, and Defendant's actions were malicious and done willfully, under color of law, in conscious disregard of the rights and safety of Plaintiff, 42 U.S.C. §§ 1983, 1985, 1986, in that the actions were calculated to injure Plaintiff's directly and indirectly. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages in an amount of $25,000,000.00 U.S.D., awarded by a jury, to punish Defendants and deter future misconduct:

   A.  For actual damages according to proof;

   B.  For compensatory damages as permitted by law;

C.  For consequential damages as permitted by law;

D.  For statutory damages as permitted by law;

E.  For punitive damages as permitted by law;

F.  For restitution relief as permitted by law;

G.  For interest as permitted by law;

H.  For Declaratory Relief;

I.   Injunctive Relief

J.  For reputation damages as permitted by law;

K.  For reasonable fees and costs; and

L.  For such other relief as is just and proper.

Dated: December 6, 2021

Respectfully Submitted,

I declare under penalty of perjury that the aforementioned is true and correct.

Joshua Laine,
Plaintiff, Self-Represented

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury.


Date: December 6, 2021


_____
Joshua Laine
Plaintiff, Self-Represented

**VERIFICATION**

**Verification of Pleading (F.R.C.P. 11)**

**Declaration under Penalty of Perjury (28 U.S.C. § 1746)**

by Party

CASE TITLE:

Joshua Laine,

Plaintiff,

v. County of Alameda, et al.,

Defendants.

I, Joshua Laine, declare:

I am the Plaintiff in the above-entitled matter.

I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on December 6, 2021, at Alameda County, California, United States District Court Northern District of California.

I declare (or certify) under penalty of perjury that the aforementioned and foregoing is true and correct.

_____
Joshua Laine
2150 Portola Ave. Ste. D #238
Livermore, California 94551
(925) 321-0373
Self-Represented
Plaintiff